UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA ZSENYUK,

       Plaintiff,

Case No. 12-cv-14625
Honorable Gershwin A. Drain

v.

KAMPS, INC., a Michigan Corporation
d/b/a KAMPS PALLETS, INC., et al.,

       Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c)(1)(B)

Presently before the Court is Defendants' Motion for Protective Order under Rule 26(c)(1)(B), filed on January 18, 2013. Plaintiff filed a Response in Opposition on January 25, 2013. Upon review of the parties' submissions, the Court finds that Defendants have failed to demonstrate they are entitled to the relief sought in their Motion for Protective Order.

Plaintiff noticed the deposition of Defendant Bernard Kamps, the President of Defendant Kamps Pallets, Inc., to take place on March 6, 2013, in Bloomfield Hills, Michigan. Defendants seek a protective order requiring Plaintiff to notice the deposition of Defendant Kamps in Kent County, Michigan because Defendant Kamps resides and has an office in Kent County, Michigan.

Federal Rule of Civil Procedure 26(c)(1)(B) states:

> (c) *In General*. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending–or as an alternative on matters relating to a deposition, in the court for the district where the deposition is to be taken. The motion must include certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the

>dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>\*  \*  \*
>(B) specifying terms, including time and place, for the disclosure or discovery.

Fed. R. Civ. P. 26(c)(1)(B). Most of the cases relied on by Defendants in support of their Motion for Protective Order are distinguishable from the present matter because in those cases the proposed deponent either lived in another country or was not a named defendant and lived outside the state where the deposition was to be taken. *See In re Outsidewall Tire Litigation*, 267 F.R.D. 466, 477 (E.D. Va. 2010); *Salter v. Upjohn Co.*, 593 F.2d 649, (5th Cir. 1979); *Dunn v. Standard Fire Insurance Co.*, 93 F.R.D. 31 (E.D. Tenn. 1981); *Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105 (D. Del. 2010). Further, the Court declines to follow *General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc.*, 84 F.R.D. 130 (W.D. Mo. 1979), which held that "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Id*. at 131. *General Leasing* is not controlling upon this Court and does not persuade the Court that entry of a protective order is appropriate under the circumstances present here.

While "a general presumption that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business[,] . . . notwithstanding the generally recognized rule, courts have often required corporate defendants to produce their officers at locations other than the corporation's principal place of business where there has been no showing that the defendant will suffer any resulting financial hardship." *Aerocrine AB*, 267 F.R.D. at 108. Here, Defendant Kamps has failed to make any showing that traveling to this district will pose an

undue burden or expense upon him.  In any event, Defendant Kamps was named as a defendant not only because of his title but also because Plaintiff is alleging that Defendant Kamps's religious and gender bias led to her termination.

Based on the above considerations, a protective order requiring Plaintiff to notice Defendant Kamps's deposition in Kent County, Michigan is unwarranted.  Accordingly, Defendants' Motion for Protective Order under Rule 26(c)(1)(B) [#14] is DENIED.

SO ORDERED.

Dated: February 11, 2013                           /s/Gershwin A Drain
                                                                                GERSHWIN A. DRAIN
                                                                                United States District Judge